1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

F. Christopher Austin, Esq.
Nevada Bar No. 6559
*caustin@weidemiller.com*
R. Scott Weide, Esq.
Nevada Bar No. 5541
*sweide@weidemiller.com*
**WEIDE & MILLER, LTD.**
10655 Park Run Drive, Suite 100
Las Vegas, NV 89144
(702) 382-4804

*Attorney for Defendant,*
*Hawk Technology Systems, LLC.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DTiQ Technologies, Inc., | Case No.:  2:20-cv-02050 |
| Plaintiff, | **HAWK TECHNOLOGY SYSTEMS, LLC'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO STAY** |
| v. | |
| Hawk Technology Systems, LLC, | |
| Defendant. | |

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and for the reasons set forth in the accompanying Memorandum of Law herewith, Defendant Hawk Technology Systems, LLC ("Hawk") hereby respectfully moves that this Court dismiss Plaintiff DTiQ Technologies, Inc.'s ("Plaintiff" or "DTiQ")'s Complaint or, in the alternative, that this Court stay the present action to allow the related and first-filed case, *Hawk Technology Systems, LLC v. Huddle House, Inc.*, Civil No. 4:20-cv-184-DMB-JMV, (N.D. Miss., filed Oct. 21, 2020), to proceed. Defendant does not have an office in Nevada and lacks sufficient business contacts with Nevada to allow this Court to exercise personal jurisdiction over it. This Motion is supported by the following Memorandum of Points and Authorities filed in support herewith.

/ /

/ /

/ /

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

rsw-5283                    1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

On October 21, 2020, Hawk filed a patent infringement lawsuit against Huddle House, Inc., *Hawk Technology Systems, LLC v. Huddle House, Inc.*, Civil No. 4:20-cv-184-DMB-JMV, in the Northern District of Mississippi ("Mississippi action"). Huddle House, Inc. ("Huddle House") is an important customer of the present plaintiff in this Nevada action, and, as the Mississippi action alleges and Plaintiff's Complaint states, Huddle House makes substantial use of DTiQ's technology ("DTiQ's video surveillance products or services") in its infringing activities. (ECF 1, Complaint ¶ 21.)

Plaintiff did not seek to intervene in the Mississippi action, but instead filed the present lawsuit on November 6, 2020 while relying on and referring to the Mississipi action as a basis for filing its Complaint ("Nevada action"). (ECF 1, Complaint ¶¶ 23, 28-30.) Hawk is a Florida company with a principal place of business in Michigan, and has no operations, offices or sufficient business contacts in Nevada. Thus, DTiQ's efforts to claim personal jurisdiction over Hawk is improper and this Court should dismiss this complaint. *See, e.g., Electronics for Imaging, Inc. v. RAH Color Technologies LLC,* 18-cv-01612-WHO, 2018 WL 5304838 (N.D. Cal. Oct. 24, 2018) (finding insufficient contacts to support general or specific personal jurisdiction for declaratory judgment action relating to patent infringement); *Gray & Co. v. Firstenberg Mach. Co*., 913 F.2d 758, 760 (9th Cir. 1990).

### II.    LEGAL ANALYSIS

#### A.    Requirements for Exercise of Personal Jurisdiction

Defendant moves this Court to dismiss this case pursuant to Rule 12(b)(2) for lack of personal jurisdiction. Fed.R.Civ. P. 12(b)(2). As federal courts have recently clarified, "[b]ecause this declaratory judgment action involves only claims [relating to] patent noninfringement [and invalidity], Federal Circuit law applies to the jurisdictional issue." *Electronics*, 2018 WL 5304838 at *4 (quoting *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1352 (Fed. Cir. 2017)). When a defendant moves to dismiss under Rule 12(b)(2), the plaintiff bears the burden of

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

rsw-5283                                    2

demonstrating that the court may properly exercise personal jurisdiction over the defendant. *See, e.g, Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006); *Bohara v. Backus Hosp. Medical Benefit Plan*, 390 F.Supp.2d 957, 961 (C.D. Cal. 2005); *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 800 (9th Cir. 2004). To verify that the exercise of personal jurisdiction is proper, Plaintiff must demonstrate that Defendant established "minimum contacts" in Nevada. *See Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945); *Baker v. Eighth Judicial Dist. Ct*., 999 P.2d 1020, 1023 (Nev. 2000). "Specific personal jurisdiction over a defendant may be established only where the cause of action arises from the defendant's contacts with the forum." *Trump v. Eighth Judicial Dist. Ct*., 857 P.2d 740, 748 (Nev. 1993).

Where no applicable federal statute indicates otherwise, a district court has personal jurisdiction over a nonresident defendant to the extent that the law of the forum state constitutionally provides. *See Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977). Nevada's long-arm statute, NRS 14.065, is broadly written to effectuate jurisdiction, "on any basis not inconsistent with the Constitution of this state or with the Constitution of the United States." NRS 14.065(1). Accordingly, Nevada largely looks to the federal courts to determine the extent to which it may exercise jurisdiction over out-of-state defendants. *See*, *e.g., Casentini v. District Court*, 110 Nev. 721, 877 P.2d 535, 539 (1994):

The Fourteenth Amendment's Due Process Clause permits courts to exercise personal jurisdiction over any person who has sufficient "minimum contacts" with the forum that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Personal jurisdiction over a nonresident of the forum state can be either "general" or "specific." If the nonresident defendant's contacts with the forum state are "substantial" or "continuous and systematic," the defendant is subject to "general jurisdiction" in the forum state, even if the cause of action is unrelated to the defendant's activities within the state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

1  404 (1984); *Data Disc*, 557 F.2d at 1287.

2    Where the defendant's activities within the forum are not so pervasive as to subject it to

3  general jurisdiction, the defendant still may be subject to specific jurisdiction if the claims arise

4  out of the defendant's forum-related activities. *See Data Disc*, 557 F.2d at 1287.  Courts will use

5  a three-part test to determine if the exercise of specific personal jurisdiction over a defendant is

6  proper:

7    1.    Whether the defendant "purposefully directed" its activities at residents of
       the forum;

8

9    2.    Whether the claim "arises out of or relates to" the defendant's activities
       with the forum; and

10

11    3.    The exercise of jurisdiction must be "reasonable and fair."

12  *Electronics,* 2018 WL 5304838 at *4 (quoting *Inamed Corp. v. Kuzmak,* 249 F.3d 1356, 1360

13  (Fed. Cir. 2001)); *see also, e.g., Terracom v. Valley Nat'l Bank,* 49 F.3d 555, 560 (9th Cir. 1995)

14  (Ninth Circuit application of similar three-part test for specific personal jurisdiction).

15    Under either theory, the plaintiff bears the burden of proof on the jurisdictional facts. *See,*

16  *e.g., Rio Properties, Inc. v. Rio Intl Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002).  Once personal

17  jurisdiction is challenged by affidavit or other discovery materials, as is the case in the instant

18  Motion to Dismiss, the court may not assume the truth of plaintiff's allegations, and the burden

19  shifts to plaintiff to establish jurisdiction is proper. *See, e.g., Data Disc, Inc. v. Systems*

20  *Technology Associates, Inc.,* 557 F.2d 1280, 1284 (9th Cir. 1977); *AT&T v. Compagnie Bruxelles*

21  *Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

22    **B.    The Court May Not Exercise General Jurisdiction Over Defendant**

23    In order to establish general personal jurisdiction over the Defendant, Plaintiff must allege

24  facts sufficient to demonstrate that the Defendant has "continuous and systematic business

25  contacts" with the forum state, such that the exercise of jurisdiction is reasonable and just.

26  *Helicopteros Nacionales*, 466 U.S. at 415. This "minimum contacts" standard for establishing

27  general jurisdiction is high, requiring that Defendant's contacts approximate physical presence in

28  the forum state. *Bancroft & Masters, Inc. v. Augusta National Inc*., 223 F.3d 1082, 1086 (9th Cir.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

rsw-5283                                   4

2000). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be hauled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

Plaintiff failed to satisfy the "exacting" standard necessary to establish general jurisdiction. Plaintiff has not shown or even alleged Hawk has extensive in-state contacts with Nevada or that it conducts any activities within the state – let alone substantial and continuous activities. *See, e.g., Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) ("the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant.").

Plaintiffs also do not allege Hawk has any business operations in Nevada, (ECF 1, Complaint at ¶ 3) and in fact Hawk does not (Hawk January 11, 2021 Decl. at ¶ 5, submitted herewith). Hawk has no employees, offices, or business activities of any kind in Nevada. *Id.*

Hawk does not, therefore, have contacts with Nevada <u>*at all*</u>, let alone the "substantial and continuous" contacts required to establish general jurisdiction over Defendant in Nevada.

## C.     Defendant Is Not Subject to Specific Personal Jurisdiction

The three-part test to determine if a defendant's contacts are sufficiently related to the forum state to permit a court to exercise specific jurisdiction over a defendant: (1) the nonresident defendant must do some act or consummate some transaction within the forum or perform some act by which the defendant "purposefully avails" itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws; (2) the claim must be one which "arises out of or results from the defendant's forum-related activities"; and (3) the exercise of jurisdiction must be reasonable. *See Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001); *see also Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997); *Schwarzenegger*, 374 F.3d at 802. "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995).

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

rsw-5283                                         5

### 1.    Filing a Lawsuit in Nevada is Not Purposeful Availment

Hawk did not purposefully avail itself of the privilege of conducting business in Nevada because it never conducted any business in Nevada.

In considering the purposeful availment prong, it is important to distinguish the right to petition from tort actions.  Exercising patent enforcement efforts alone does not automatically establish the requisite minimum contacts necessary for the exercise of jurisdiction. *See, e.g., Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998) (holding that cease-and-desist letters, even those aimed at a particular declaratory relief plaintiff, not sufficient to satisfy requirements of Due Process in declaratory judgment actions); *see also, e.g., Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990). Even a more substantive connection with the forum state, such as contract formation with a forum resident, is insufficient to create personal jurisdiction. *Burger King v. Rudzewicz*, 471 U.S. 462, 478 (1985) ("[T]he existence of a contract with a resident of the forum state is insufficient by itself to create personal jurisdiction over the nonresident").  Rather, "the parties' actual course of dealing … must be evaluated in determining whether the defendant purposefully established minimum contacts with the forum." *Burger King*, 471 U.S. at 478-79 (citations omitted). Here, none of the relevant factors on Hawk's part support a finding of purposeful availment.

Further, Plaintiff also fail to allege, let alone demonstrate, that Hawk committed any alleged acts in Nevada beyond "Hawk's lawsuit filings in this District" (ECF 1, Complaint 3).  It is improper for a court to infer that a defendant expressly aimed conduct at the forum state from such a tangential connection with the forum. *See, e.g., Cybersell, Inc. v. Cybersell, Inc.,* 130 F.3d 414 (9th Cir. 1997). Rather, there must be "something more" to demonstrate that a defendant necessarily directed its core activity to the forum state. *Schwarzenegger*, 374 F.3d at 802. Plaintiff failed to allege, let alone demonstrate, Hawk's engagement in any actual operations or business activities in Nevada or directed to Nevada at all. (Hawk Dec. 21, 2020 Decl. at ¶ 5).  Thus, Plaintiff failed to establish the first pront of the specific personal jurisdiction test and this case should be dismissed. *See Electronics*, 2018 WL 5304838 at *7-*8 (lack of showing of "requisite 'minimum

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

rsw-5283                                                    6

contacts'" to justify specific or general personal jurisdiction over declaratory judgment defendant).

### 2.    *The Claims Do Not Arise from Defendant's Non-existent Forum Activities.*

Plaintiff allege three declaratory judgment claims all arising from Plaintiff's own trepidation that its technology infringes Hawk's patents. Other than Hawk's unrelated lawsuit filings, Plaintiff does not plead or allege Hawk engaged in any "forum related activities" in connection with any of these claims. Hawk's unrelated lawsuit filings are not relevant to the second prong of the specific personal jurisdiction test because Plaintiff's claims do not arise out of those filings.

### 3.    *The Exercise of Jurisdiction Over Hawk is Unreasonable.*

Absent any contacts by Hawk with Nevada, let alone the requisite minimum contacts, Hawk could have no reasonable expectation that it would be presently subject to jurisdiction in Nevada. The exercise of jurisdiction over Hawk is, therefore, unreasonable.

### D.    Defendant is Not Subject to Personal Jurisdiction Under the "Effects Test"

The Court may also maintain personal jurisdiction over an out-of-state defendant for (tortious) conduct under the "effects test," first articulated in *Calder v. Jones,* 465 U.S. 783 (1984). Under the "effects test," "plaintiff's claim(s) must arise out of the defendant's particular activities in the forum state" and those activities must be "(1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered–and which the defendant knows is likely to be suffered–in the forum state." *Core-Vent v. Nobel Indus*. AB, 11 F.3d 1482, 1486 (9th Cir. 1993). Express aiming exists where "the defendant is alleged to have engaged in <u>wrongful conduct</u> targeted at a plaintiff whom the defendant knows to be a resident of the forum state," *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,* 223 F.3d 1082, 1087 (2000) (emphasis added), and the harm must be directly caused by defendant's conduct, such that "but for" defendant's conduct ***in the forum state***, plaintiff would not have been harmed at all, *Rio Props., Inc*., 284 F.3d at 1017, 1021 (emphasis added).

Plaintiff does not allege or demonstrate compliance with this standard. Hawk has not

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

rsw-5283

7

engaged in any activity in the forum state, let alone tortious activity directed at Plaintiff  The only activity alleged was "lawsuits filed" (yet, apparently, actions not commenced) in Nevada. This alleged activity caused no harm. More importantly, the filing of a complaint (limited itself by the location and activities of a defendant, not the plaintiff) is not an activity *aimed at Nevada*. As the *Electronics* Court recently observed, "it is questionable whether a good-faith assertion of infringement is the type of intentional act that triggers the consideration of the 'effects' test in Calder." *Electronics*, 2018 WL 5304838 at *7 (citing *Walden v. Fiore*, 571 U.S. 277, 291, 298 (2014) ("the relationship among the defendant, the forum, and the litigation" must be the focus, and "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State.")).

Hawk has not engaged in any forum related activities at all, has not purposefully availed itself of this forum, and has not expressly aimed any activity, let alone a "tort," in this jurisdiction. Accordingly, this Court lacks both general and specific jurisdiction over Hawk and should dismiss Plaintiff's Complaint.

### E.   First-to-File Rule Provides that the Nevada Action Should Be Dismissed, Stayed or Consolidated in Favor of the Mississippi Action

The first-to-file rule is a "doctrine of federal comity . . . that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012). The first-to-file rule is "intended to avoid conflicting decisions and promote judicial efficiency." *Id.* "Resolution of whether the second-filed action should proceed presents a question sufficiently tied to patent law that the question is governed by [Federal Circuit] law." *Futurewei Tech., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013); *see also, e.g, Merial*, 681 F.3d at 1299 (Federal Circuit application of first-to-file rule). In the present facts, the earlier-filed Mississippi action involves patent infringement claims relating to the same patent that DTiQ now seeks relief on in the Nevada action. As such, this Court should readily apply the first-to-file rule and dismiss or, alternatively, stay this present action pending the Mississippi action.

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

rsw-5283                                           8

1

### III.    CONCLUSION

2    For the foregoing reasons, Hawk respectfully requests that this Court dismiss Plaintiff's

3    Complaint, or, in the alternative, stay the present action pending resolution of the first-filed

4    Mississippi action.

5    DATED:  January 11, 2021

6                                             Respectfully Submitted,

7                                             WEIDE & MILLER, LTD.

8

9                                             /s/ F. Christopher Austin
                                              F. Christopher Austin, Esq.
10                                            R. Scott Weide, Esq.
                                              10655 Park Run Drive, Suite 100
                                              Las Vegas, NV 89144

11

12                                            Attorneys for Defendant
                                              Hawk Technology Systems, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEIDE & MILLER, LTD.
10655 PARK RUN DRIVE,
SUITE 100
LAS VEGAS,
NEVADA 89144
(702) 382-4804

rsw-5283                                          9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of Weide & Miller, Ltd. and that on **January 11, 2021**, I served a full, true and correct copy of the foregoing **HAWK TECHNOLOGY SYSTEMS, LLC'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO STAY** via the United States District Court's CM/ECF filing system upon the following:

Robert T. Stewart (SBN 13770)
**MASCHOFF BRENNAN**
111 Main Street, Suite 600
Salt Lake City, Utah 84111
*rstewart@mabr.com*

/s/ Brianna Show
An employee of Weide & Miller, Ltd.

Weide & Miller, Ltd.
10655 Park Run Drive,
Suite 100
Las Vegas,
Nevada 89144
(702) 382-4804

rsw-5283